IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARK STINSON,                                                                                          PLAINTIFF

v.                                            2:22CV00154-LPR-JTK

FCI—FORREST CITY, et al.                                                                     DEFENDANTS

Consolidated With:

MARK STINSON, SR                                                                              PLAINTIFF

v.                                            2:22CV00218-LPR-JTK

DOES,                                                                                                      DEFENDANTS

**ORDER**

**I.    Introduction**

Mark Stinson ("Plaintiff") was in custody at Forrest City Correctional Institution ("FCI-Forrest City") at the time of the events giving rise to his claims in this case.  (Doc. No. 3).  Plaintiff sued FCI—Forrest City and unidentified medical staff alleging deliberate indifference to his serious medical needs.  (Id.).  On February 27, 2023, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis.  (Doc. Nos. 1, 16).  The Court will now screen Plaintiff's Complaint[1] pursuant to 28 U.S.C. § 1915(e).

---

[1]  Plaintiff filed this case on September 6, 2022.  (Doc. No. 2).  On September 15, 2022, Plaintiff filed an identical case in the United States District Court for the Western Division of Tennessee; that case was transferred to the Eastern District of Arkansas on December 6, 2022.  Stinson v. BOP Medical, FCI Forrest City, AR, 2:22-cv-00218-LPR-JTK.  On January 17, 2023, United States District Judge Lee P. Rudofsky granted Plaintiff's Motion to Consolidate cases, filed in the case at hand.  (Doc. Nos. 14, 15).  The Court's reference to Plaintiff's "Complaint" means the Complaint in the case at hand.  Plaintiff's Complaint in consolidated case 2:22-cv-00218-LPR-JTK is virtually a verbatim copy of Plaintiff's Complaint in the case at hand.

## II. Screening

Pursuant to 28 U.S.C. § 28 U.S.C. § 1915(e), "the court shall dismiss [a] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Plaintiff's Complaint

Plaintiff sued FCI-Forrest City and unidentified medical staff alleging violations of his federally protected rights. (Doc. No. 3). Plaintiff sued Defendants in their personal and official capacities under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Id. at 2-3). According to Plaintiff, he was denied medical care in 2019 in connection with a leg injury. (Id. at 5). Unidentified medical staff allegedly denied Plaintiff medical care again in July 2020 when Plaintiff's arm was injured in an altercation with another inmate. (Id.). Plaintiff also attached to his Complaint a Form 95—used for presenting claims under the Federal

Tort Claims Act—for each alleged incident.  (Id. at 11, 12).  Plaintiff seeks damages in the amount of $500,000.  (Id. at 5).

## IV. Discussion

"[A] *Bivens* action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983."  Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006).  A claim under Bivens is the same as an action under 42 U.S.C. § 1983, "except that the former is maintained against federal officials while the latter is against state officials."  Sanchez v. U.S., 49 F.3d 1329, 1330  (8th Cir. 1995) (per curiam).  Generally, case law analyzing 42 U.S.C. § 1983 claims applies to Bivens cases.  See Ibrahim v. United States, 868 F. Supp. 2d 27, 30 (E.D.N.Y. 2012).

### A. Official Capacity Claims; Claims Against FCI-Forrest City

Plaintiff made official-capacity claims against the Doe Defendants, and he sued FCI-Forrest City.  A claim against an official of the United States is the equivalent to a claim against the United States; sovereign immunity bars Bivens claims against the United States.  Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) ("[A] Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity.").  A "prisoner may not bring a *Bivens* claim against the . . . BOP."  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001).  Accordingly, Plaintiff's official capacity claims and his claims against FCI-Forrest City fail.

### B. Personal Capacity Claims

Plaintiff brought suit against the Doe Defendants in their personal capacities, as well.   In determining whether Plaintiff's allegations may proceed under Bivens, the first question is whether his case is "the type for which a *Bivens* remedy is available."  Farah v. Weyker, 926 F.3d 492, 497 (8th Cir. 2019).  The United States Supreme Court has recognized an implied cause of action under Bivens on only three occasions.  (Id. at 497-98).  The three cases in which the Supreme

3

Court recognized a Bivens claim included: the ground-breaking Bivens case itself, 403 U.S. 388 (allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment); Carlson v. Green, 446 U.S. 14 (1980) (failure to treat prisoner's asthma in violation of the Eighth Amendment); and Davis v. Passman, 442 U.S. 228 (1979) (sex discrimination in violation of Fifth Amendment due process rights).

In a more recent case, the Supreme Court warned that while "*Bivens* is well-settled law in its own context . . . expanding the *Bivens* remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017). Indeed, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants . . . ." Id. (internal citation omitted). "[F]or almost 40 years, [the Supreme Court] [has] . . . rebuffed requests to add to the claims allowed under *Bivens*." Hernandez v. Mesa, 140 S. Ct. 735, 743 (2020). Instead, "private rights of action to enforce federal law must be created by Congress." Id. at 742 (internal citation omitted).

Courts now undertake a two-step analysis to determine if an implied cause of action under Bivens exists. Farah, 926 F.3d at 498. The first step is to ascertain whether the case presents "one of 'the three Bivens claims the [Supreme] Court has approved in the past' or whether, instead, allowing the plaintiffs to sue would require us to extend Bivens to a new 'context.'" Id. If the claim presented is not one that has been previously recognized, courts consider whether "special factors counsel[] hesitation" in extending Bivens to the claims at hand. Id.

Plaintiff alleges he was denied medical care. A plaintiff may pursue a deliberate indifference to serious medical needs claim in a Bivens action. See Carlson v. Green, 446 U.S. 14 (1980).

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. This prohibition gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration.'" Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

1. **Plaintiff's Leg Injury**

Plaintiff's first claim for deliberate indifference of serious medical needs dates back to April 2019 when another inmate accidentally broke Plaintiff's leg while they were playing softball. (Doc. No. 3 at 4, 5).

The limitations period for a § 1983 action is governed by the statute of limitations for personal-injury actions in the state in which the claim accrues. See Wilson v. Garcia, 471 U.S.

5

261, 276 (1985); Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995). The Eighth Circuit has acknowledged that, in Arkansas, the general personal-injury statute of limitations is three years. See Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992); Morton v. City of Little Rock, 934 F.2d 180, 182–83 (8th Cir. 1991). Therefore, § 1983 claims accruing in Arkansas have a three-year statute of limitations.

Although courts look to state law for the length of the limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). "The general rule is that a claim accrues at the time of the plaintiff's injury." Osborn v. United States, 918 F.2d 724, 731 (8th Cir. 1990) (citing Wehrman v. United States, 830 F.2d 1480, 1483 (8th Cir. 1987)).

Here, Plaintiff's injury occurred in April 2019. (Doc. No. 3 at 5). Further, "9 weeks later the MD told [Plaintiff] that [the broken leg] did not heal properly." (Id.). Plaintiff, then, knew as of approximately June 2019 that his injury was not properly healed. While Plaintiff complains that his hip now hurts after he has walked a mile or two, the injury accrued by June 2019. Plaintiff's claim accrued, then, more than three years before his filed this action on September 6, 2022. As such, Plaintiff's deliberate indifference claim in connection with his broken leg fails.

2.  **Plaintiff's Arm Injury**

Plaintiff alleged that on July 18, 2020, his upper left arm was injured but he was denied treatment. (Doc. No. 3 at 5). Plaintiff alleges "[m]edical did nothing to treat my arm . . . ." (Id.). Plaintiff further alleges that his left arm has a bicep tear. (Id.). But Plaintiff does not identify any person who allegedly acted unlawfully as to his serious medical needs. Plaintiff also does not explain how the person(s) knew about his medical needs, and he does not give any detail as to how that individual(s) ignored his needs. As currently pled, Plaintiff does not give enough

6

detail to state a deliberate indifference to serious medical needs claim on which relief may be granted.

      **C.**    **Federal Tort Claims Act Claims**

As mentioned above, Plaintiff attached to his Complaint a Form 95—used for presenting claims under the Federal Tort Claims Act—in connection with his leg injury and in connection with his arm injury. (Doc. No. 3 at 11, 12).

Exhaustion of administrative remedies is a jurisdictional prerequisite to FTCA claims. Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996). Plaintiff alleges he filed a tort claim but did not receive a within the relevant time period. (Doc. No. 9 at 5.) The law provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If an agency fails to make a final disposition of the claim within six months after it is filed, the failure is "deemed a final denial of the claim . . . ." Id.

Communication from Regional Counsel for the Federal Bureau of Prisons reflects that Plaintiff's claim was received and initially accepted on August 30, 2021. More than six months passed before Plaintiff filed suit. At this point, it appears Plaintiff may have exhausted his administrative claim. Nonetheless, Plaintiff's FTCA claim fails. An FTCA claim can be brought only against the United States. See 28 U.S.C. § 1346(b)(1); Duncan v. Dept. of Labor, 313 F.3d 445, 447 (8th Cir. 2002). An FTCA claim cannot be brought against an individual federal employee. See Knowles v. United States, 91 F. 3d 1147, 1150 (8th Cir. 1996). So, when an individual is injured by the negligence of an "employee of the United States who is acting within the scope of his employment, that employee cannot be sued. Rather, the injured person must sue

7

the United States which is liable in its employee's stead." Id. Similarly, an FTCA cannot be brought against a federal agency. See Duncan, 313 F.3d at 447.

Plaintiff did not name the United States as a Defendant. Accordingly, as currently pled, Plaintiff failed to state an FTCA claim on which relief may be granted. If Plaintiff wishes to pursue his FTCA claim, he should include the United States as a Defendant.

### D.      Superseding Amended Complaint

Plaintiff may amend his pleadings to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his earlier Complaint, as amended, without legal effect.[2] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each Defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

---

[2] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

8

If Plaintiff does not submit an Amended Complaint, I will recommend that his Complaint, be dismissed. See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

**V.     Motion for Expedited Summons**

As explained above, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted. Accordingly, Plaintiff's Motion for Expedited Summons (Doc. Nos. 17, 22) is DENIED.

**VI.    Conclusion**

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Expedited Summons (Doc. Nos. 17, 22) is DENIED.

2. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I will recommend that his Complaint be dismissed. See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

3. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

4. Plaintiff is directed to file all future pleadings in this first-filed, lead case, 2:22-cv-00154-LPR-JTK.

IT IS SO ORDERED this 13th day of March, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE