IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARK STINSON,                                                                                   PLAINTIFF

v.                                         2:22CV00154-LPR-JTK

FCI—FORREST CITY, et al.                                                                DEFENDANTS

Consolidated With:

MARK STINSON, SR                                                                          PLAINTIFF

v.                                         2:22CV00218-LPR-JTK

DOES,                                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.     Introduction**

Mark Stinson ("Plaintiff") was in custody at Forrest City Correctional Institution ("FCI-Forrest City") at the time of the events giving rise to his claims in this case. (Doc. No. 3). Plaintiff sued FCI—Forrest City and unidentified medical staff alleging deliberate indifference to his serious medical needs. (Id.). Plaintiff was no longer in custody at the time he filed this lawsuit.

On February 27, 2023, the Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (Doc. No. 16). On March 13, 2023, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. Nos. 3, 18). The Court advised Plaintiff that his allegations failed to state a claim on which relief may be granted and why. (Doc. No. 18). The Court gave Plaintiff the opportunity to file a superseding Amended Complaint if he wished to do so, and explained what any Amended Complaint should contain. (Id.). Plaintiff has filed his Amended Complaint. (Doc. No. 22). The Court will now continue screening Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**II.    Screening**

Pursuant to 28 U.S.C. § 1915(e), "the court shall dismiss [a] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Plaintiff's Amended Complaint

Plaintiff sued unidentified medical staff at FCI—Forrest City alleging violations of his federally protected rights. (Doc. No. 22). Plaintiff sued the Doe Defendants in their personal and official capacities under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (<u>Id</u>. at 3-4). According to Plaintiff, he was denied medical care in 2019 in connection with a leg injury. (<u>Id</u>. at 6, 7). Unidentified medical staff allegedly denied Plaintiff medical care again in July 2020 when Plaintiff's arm was injured during an altercation with another inmate. (<u>Id</u>. at 7). Plaintiff also attached to his Amended Complaint correspondence from the Federal Bureau of Prisons denying Plaintiff's Federal Tort Claims Act claims in connection with his leg and his arm. (<u>Id</u>. at 9-12). Plaintiff seeks damages in the amount of $500,000. (<u>Id</u>. at 8).

### IV. Discussion

"[A] *Bivens* action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983." <u>Hartman v. Moore</u>, 547 U.S. 250, 254 n.2 (2006). A claim under <u>Bivens</u> is the same as an action under 42 U.S.C. § 1983, "except that the former is maintained against federal officials while the latter is against state officials." <u>Sanchez v. U.S.</u>, 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam). Generally, case law analyzing 42 U.S.C. § 1983 claims applies to <u>Bivens</u> cases. See <u>Ibrahim v. United States</u>, 868 F. Supp. 2d 27, 30 (E.D.N.Y. 2012).

#### A. Official Capacity Claims; Claims Against FCI-Forrest City

A claim against an official of the United States is the equivalent to a claim against the United States; sovereign immunity bars <u>Bivens</u> claims against the United States. <u>Buford v. Runyon</u>, 160 F.3d 1199, 1203 (8th Cir. 1998) ("[A] Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity."). A "prisoner may not bring

3

a *Bivens* claim against the . . . BOP." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Accordingly, Plaintiff's official capacity claims and his claims against the Federal Bureau of Prisons / FCI-Forrest City fail.

### B. Personal Capacity Claims

Plaintiff brought suit against Defendants in their personal capacities, as well. In determining whether Plaintiff's allegations may proceed under Bivens, the first question is whether his case is "the type for which a *Bivens* remedy is available." Farah v. Weyker, 926 F.3d 492, 497 (8th Cir. 2019). The United States Supreme Court has recognized an implied cause of action under Bivens on only three occasions. (Id. at 497-98). The three cases in which the Supreme Court recognized a Bivens claim included: the ground-breaking Bivens case itself, 403 U.S. 388 (allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment); Carlson v. Green, 446 U.S. 14 (1980) (failure to treat prisoner's asthma in violation of the Eighth Amendment); and Davis v. Passman, 442 U.S. 228 (1979) (sex discrimination in violation of Fifth Amendment due process rights).

In a more recent case, the Supreme Court warned that while "*Bivens* is well-settled law in its own context . . . expanding the *Bivens* remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017). Indeed, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants . . . ." Id. (internal citation omitted). "[F]or almost 40 years, [the Supreme Court] [has] . . . rebuffed requests to add to the claims allowed under *Bivens*." Hernandez v. Mesa, 140 S. Ct. 735, 743 (2020). Instead, "private rights of action to enforce federal law must be created by Congress." Id. at 742 (internal citation omitted).

4

Courts now undertake a two-step analysis to determine if an implied cause of action under Bivens exists. Farah, 926 F.3d at 498. The first step is to ascertain whether the case presents "one of 'the three Bivens claims the [Supreme] Court has approved in the past' or whether, instead, allowing the plaintiffs to sue would require us to extend Bivens to a new 'context.'" Id. If the claim presented is not one that has been previously recognized, courts consider whether "special factors counsel[] hesitation" in extending Bivens to the claims at hand. Id.

Plaintiff alleges he was denied medical care. A plaintiff may pursue a deliberate indifference to serious medical needs claim in an Bivens action. See Carlson v. Green, 446 U.S. 14 (1980).

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. This prohibition gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had

an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

### 1. Plaintiff's Leg Injury

Plaintiff's first claim for deliberate indifference to serious medical needs arose in April 2019 when another inmate accidentally broke Plaintiff's leg while they were playing softball. (Doc. No. 22 at 6).

The limitations period for a § 1983 action is governed by the statute of limitations for personal-injury actions in the state in which the claim accrues. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995). The Eighth Circuit has acknowledged that, in Arkansas, the general personal-injury statute of limitations is three years. See Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992); Morton v. City of Little Rock, 934 F.2d 180, 182–83 (8th Cir. 1991). Therefore, § 1983 claims accruing in Arkansas have a three-year statute of limitations. "*Bivens* actions are governed by the same statute of limitations as section 1983 actions." Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995).

Although courts look to state law for the length of the limitations period, "the accrual date of a [*Bivens*] action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). "The general rule is that a claim accrues at the time of the plaintiff's injury." Osborn v. United States, 918 F.2d 724, 731 (8th Cir. 1990) (citing Wehrman v. United States, 830 F.2d 1480, 1483 (8th Cir. 1987)).

Here, Plaintiff's injury occurred in April 2019. (Doc. No. 22 at 6, 7). After Plaintiff spent a week on crutches, Plaintiff's leg was x-rayed and was found to be fractured. (Id.).

Medical personnel gave Plaintiff a boot and told Plaintiff his leg would be x-rayed again later. (Id.). Some 13 weeks later Plaintiff had a second x-ray that showed that Plaintiff's leg did not heal properly. (Id.). Plaintiff now has a limp and after walking for some time his right hip hurts. (Id.).

Based on the timeline Plaintiff provided,[1] Plaintiff knew by August 2019 that his leg injury was not properly healed. While Plaintiff complains that his hip hurts now after walking some distance, the injury accrued by mid-August 2019. Plaintiff's claim accrued, then, more than three years before he signed his Complaint on August 31, 2022 and his filed this action on September 6, 2022. As such, Plaintiff's deliberate indifference claim in connection with his fractured leg is barred by the applicable three-year statute of limitations.

### 2. Plaintiff's Arm Injury

Plaintiff alleged that on July 18, 2020, his upper left arm was injured. (Doc. No. 22 at 7). Plaintiff alleges medical did "nothing . . . to treat [his] injured arm" beyond an x-ray and a wrap. (Id.). Plaintiff complains that he did not receive pain medication or a sling for his arm. (Id.). Plaintiff says that for months he suffered intense pain when he moved his arm in different positions. (Id.). According to Plaintiff, he suffered a bicep tear to his left arm and was denied proper treatment. (Id.). But Plaintiff does not identify any person who allegedly knew about his bicep tear. He also does not explain how any person(s) knew about the bicep tear, and he does not give any detail as to how that individual(s) ignored his needs. Rather, Plaintiff's pleading indicates he received medical care after his injury, as Plaintiff's arm was x-rayed and he was given a wrap. "Mere negligence is not sufficient to support a cause of action under § 1983." Davis v.

---

[1] Assuming that Plaintiff was injured on the last day of April 2019, and learned 15 weeks later that his injury had not healed properly, Plaintiff would have had the knowledge by August 13, 2019.

Hall, 992 F.2d 151, 153 (8th Cir. 1993). As currently pled, Plaintiff does not give enough detail to state a deliberate indifference to serious medical needs claim on which relief may be granted.

### C. Federal Tort Claims Act Claims

As mentioned above, Plaintiff attached to his Amended Complaint correspondence from the Federal Bureau of Prisons denying Plaintiff's tort claim regarding his arm injury and his leg injury. (Doc. No. 22 at 9-12).

Exhaustion of administrative remedies is a jurisdictional prerequisite to claims under the Federal Tort Claims Act ("FTCA"). Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996). The law provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). A federal district court lacks jurisdiction over an FTCA claim if the claim has not first been exhausted at the agency level. Allen v. United States, 590 F.3d 541, 544 (8th Cir. 2009).

Plaintiff's tort claim in connection with his leg injury was denied on March 10, 2023, some six months after Plaintiff filed this lawsuit. (Doc. No. 22 at 9). Plaintiff's tort claim in connection with his arm injury was denied on September 22, 2022, just sixteen days after plaintiff filed this action. (Id. at 11). While Plaintiff did exhaust his administrative remedies, he did not do so before he filed this action. Accordingly, this Court lacks jurisdiction over Plaintiff's FTCA claims.

### V. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint, as amended (Doc. No. 22) be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 17th day of April, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE