IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARK STINSON**                                                                                               **PLAINTIFF**

v.                                    No. 2:22-CV-00154-LPR

**FCI–FORREST CITY, et al.**                                                                      **DEFENDANTS**

Consolidated With:

**MARK STINSON, SR.**                                                                                **PLAINTIFF**

v.                                    No. 2:22-CV-00218-LPR

**DOES**                                                                                                           **DEFENDANTS**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations (PFR) submitted by United States Magistrate Judge Jerome T. Kearney as well as the Plaintiff's "Answer to Proposed Findings and Recommendations Instructions; Summons with Affidavit."[1] After a *de novo* review of the PFR, along with careful consideration of Plaintiff's filing and the case record, the Court hereby approves and adopts the PFR in its entirety as this Court's findings and conclusions with respect to: 1) Plaintiff's official-capacity claims and his claims against the Federal Bureau of Prisons/FCI–Forrest City; and 2) Plaintiff's deliberate indifference to serious medical needs claims against all Defendants.

As for Plaintiff's claims under the Federal Tort Claims Act (FTCA), the Court is hesitant to find on this record that, as a matter of law, Plaintiff failed to exhaust his claims. Here's why.

---

[1] Docs. 25 & 27. To the extent Plaintiff's filing can be construed as Objections to the PFR, the Court has considered them as such. Additionally, attached to the filing is a copy of Plaintiff's Amended Complaint, which looks to be identical (at least in substance) to the Amended Complaint he filed on March 29, 2023. *See* Doc. 22. To the extent Plaintiff's filing (Doc. 27) can be construed as a Motion for Leave to File an Amended Complaint (as it is styled on the docket), the Motion is DENIED because such an amendment would be futile.

The attachments to Plaintiff's original Complaint show that his administrative FTCA claims were received by the United States for processing on August 30, 2021.[2] And, as a prior Order in this case acknowledged, that means more than six months passed between when Plaintiff filed these administrative claims and when Plaintiff filed the instant case.[3] 28 U.S.C. § 2675(a) provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." So it's not entirely clear that Plaintiff failed to exhaust his administrative remedies prior to filing suit.

Still, the FTCA claims don't survive screening. First, despite being warned in a prior Order that FTCA claims an only survive if the United States is named as a Defendant,[4] Plaintiff did not name the United States as a Defendant in his Amended Complaint.[5] Second, Plaintiff has failed to state a plausible claim for relief pursuant to the FTCA. Plaintiff has not alleged any specific negligent or wrongful act or omission on the part of any particular Government employee, nor that such employee's act or omission caused either of his injuries. According to Plaintiff's own allegations, he received medical treatment for both his arm and leg injuries. Although he may still suffer lingering effects from those injuries, that alone does not indicate that the medical care he received was inadequate. Plaintiff's bare and conclusory allegations fail to state a claim for relief under the FTCA.

Accordingly, Plaintiff's Complaint, as amended (Doc. 22) is DISMISSED without prejudice for failing to state a claim on which relief may be granted. Plaintiff's Motion for

---

[2] Compl. (Doc. 3) at 12–17.

[3] Order (Doc. 18) at 7.

[4] *Id*. at 7–8.

[5] See Am. Compl. (Doc. 22).

Expedited Change of Venue (Doc. 32) is DENIED as moot.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

    IT IS SO ORDERED this 21st day of February 2024.

                                                      LEE P. RUDOFSKY  
                                                      UNITED STATES DISTRICT JUDGE